UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:98-CR-46 |
| | ) | |
| DAVID TURNER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**OPINION AND ORDER**

On February 19, 2008, the undersigned granted defendant David Turner's ("Turner's") request for appointment of counsel for the purpose of determining whether a Motion for Reduction pursuant to 28 U.S.C. §3582(c) was appropriate in light of the retroactive amendment to the crack guidelines. On February 29, 2008, appointed counsel for Turner submitted a Notice to the Court informing the Court that because Turner was sentenced to a mandatory minimum sentence under U.S.S.G. §5G1.1, he is not eligible for a sentencing reduction under the amendment to the crack guidelines. On March 20, 2008, the United States Probation Office submitted an "Addendum to the Presentence Report" which further confirms that even with the retroactive amendment Turner is not eligible for a sentencing reduction under the 2007 crack cocaine guideline amendment because the statutorily required minimum sentence of 120 months on Count 1 and 60 months on Count 2 to be served consecutively to Count 1 is the required sentence by U.S.S.G. §5G1.1(b) and §2K2.4(a)(2).

On March 17, 2008, three days prior to this court's receipt of the Addendum to the Presentence Report, the Defendant submitted a *pro se* letter along with a formal Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) wherein he indicates that he disagrees with the opinion of his court-appointed counsel and believes he is entitled to a sentence reduction.

1

Thereafter, the undersigned authorized appointed counsel to file a request for permission to withdraw from the case and, in addition, provided Turner with time to supplement his *pro se* Motion for Reduction of Sentence, if he wished. Turner filed his Supplement to this Motion for Reduction on April 7, 2008 and the Government responded on May 7, 2008. Appointed Counsel has also filed his Motion to Withdraw which is unopposed by Turner. For the following reasons, Turner's Motion for Reduction will be DENIED and Appointed Counsel's request to withdraw will be GRANTED.

## DISCUSSION

On February 8, 1999, Turner was sentenced to 120 months imprisonment on Count 1 (violation of 21 U.S.C. §841(a)(1) possession with intent to distribute more than 50 grams of cocaine base crack) and a consecutive 60 months term of imprisonment on Count 2 (18 U.S.C. §924(c) using or carrying a firearm during and in relation to the drug trafficking offense). Both counts carried statutory mandatory minimum sentences.[1]

> In relevant part, 18 U.S.C. § 3582(c) provides:
>
> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir.1993) ("Section

---

[1] Turner's base offense level was calculated to be 32 based upon 87 grams of cocaine base "crack." He received a three level reduction for acceptance of responsibility, resulting in a total offense level of 29. Turner's criminal history category was I and his resulting guideline range on Count 1 was 87 - 108 months. However, because of the statutory mandatory minimum, Turner was sentenced to 120 months imprisonment on Count 1.

3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG § 2D1.1. Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses.  On December 11, 2007, the Commission added Amendment 706 to the list of amendments in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. The statute provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). The revised version of Section 1B1.10 provides that a reduction in sentence is not authorized if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

In the present case, Turner asserts that he is entitled to the two-level reduction and, even if he is not entitled to the reduction, he is entitled to have the court examine his case anew in light of *Kimbrough v. United States,* 128 S.Ct. 558 (2007).  Turner further argues that his indictment did not charge a specific drug quantity and that he did not admit to a drug quantity at his plea colloquy.

3

With respect for Turner's contention that he is entitled to a reduction under the crack cocaine amendment to the sentencing guidelines, it is clear that the court is unable to rely on Amendment 706 to reduce the defendant's sentence since application of Amendment 706 does not change the Defendant's guideline range. Because the defendant is subject to a statutorily required minimum sentence, *see* 21 U.S.C. § 841(b)(1)(A), application of the retroactive amendment results in an amended guideline range of 120 months imprisonment, *see* USSG § 5G1.1(b), and the defendant is not entitled to a reduction of his term of imprisonment. Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 is not warranted. *See United States v. Duvall*, 2008 WL 1757761, 1 (E.D.Wis.,2008) (holding that §3582(c)(2),"does not permit the court to disregard a statutory mandatory minimum."); *United States v. Campbell*, 2008 WL 1957773, 1 (E.D.N.Y.,2008) (holding that because "the defendant was sentenced to the *statutory* mandatory minimum term of incarceration, *see* 21 U.S.C. § 841(b)(1)(A)(iii), he does not qualify for relief under § 3582(c)(2)."); *United States v. Moore*, 2008 WL 1859988, 1 (W.D.Pa., 2008) ("The crack cocaine amendment reflected in U.S.S.G. § 2D1.1(c) does not have the effect of lowering the defendant's applicable guideline range here because a statutory mandatory minimum term of imprisonment applies to defendant's offenses.").[2]

Turner also seeks modification of his sentence through application of *United States v. Booker,* 543 U.S. 220 (2005), *Gall v. United States,* 128 S.Ct. 586 (2007) and *Kimbrough v. United*

---

[2]Turner also contends that his indictment did not specify a drug quantity and that he did not admit to a drug amount during his plea colloquy. This argument appears to be a challenge to his conviction and/or sentence and not properly before the court on a motion under 3582(c)(2). However, Turner pled guilty to possessing with intent to distribute more than 50 grams of cocaine base "crack" which triggers the statutory mandatory minimum sentence of 120 months. Moreover, Turner did not object at sentencing to representations in the PSR that he was instructed to and did, in fact, deliver 3 ounces or 87 grams of crack to a particular location.

*States,* 128 S.Ct. 558 (2007). Those cases, however, addressed only the extent to which the sentencing guidelines are binding and have no application where Congress has mandated by statute, and the court has imposed, a mandatory minimum sentence. *See United States v. Robinson,* 404 F.3d 850, 862 (4th Cir.2005) ("*Booker* did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."). Thus, the cases that Turner cites fail to provide any grounds to have his sentence revisited by any court since his sentence was statutorily imposed and not a reflection of the guidelines system. Accordingly, his Motion for Reduction is DENIED.

## **CONCLUSION**

In light of the foregoing, Appointed Counsel's Motion to Withdraw is GRANTED. The Defendant's Motion for Reduction is DENIED. The Clerk is hereby DIRECTED to serve the Defendant a copy of this Order at his place of incarceration.

SO ORDERED. This 20th day of May, 2008.

                                              s/ William C. Lee
                                              United States District Court